# EXHIBIT B
## Under Seal

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Grand Jury Subpoenas Dated July 10, 2026,<br><br>THE NEW YORK TIMES COMPANY, JULIAN E. BARNES, ERIC LIPTON, AND ERIC SCHMITT,<br><br>Movants. | UNDER SEAL<br><br><br>Case No. 26 Misc. _____ |

## DECLARATION OF DAVID A. O'NEIL IN SUPPORT OF MOTION TO QUASH

I, David A. O'Neil, declare as follows:

1.     I am a partner at the law firm of Debevoise & Plimpton LLP, located at 801 Pennsylvania Avenue N.W, Suite 500, Washington, D.C. 20001.

2.     I serve as lead counsel in connection with the above-captioned action on behalf of Julian E. Barnes, Eric Lipton, and Eric Schmitt ("the Journalists"), and The New York Times Company ("The Times").

3.     In connection with the above-captioned action, I respectfully submit this Declaration in support of the Journalists' and The Times's motion to quash.

4.     All facts in this Declaration are based upon my personal knowledge.

5.     I have reviewed the subpoenas served on each of the Journalists by federal law enforcement agents on Friday, July 10, 2026.  (*See* Mot. to Quash, Ex. A (the "Subpoenas")). Each subpoena lists an appearance date for grand jury testimony of 10:00 am on Wednesday, July 15, 2026.

6.    I have spoken to prosecutors with the United States Attorney's Office for the Southern District of New York ("SDNY") several times since the Subpoenas were issued. During those conversations, I asked the prosecutors if the Department of Justice ("DOJ" or the "Department") had followed its internal regulations regarding subpoenas to members of the news media. The prosecutors refused to engage on that subject. I also asked what other steps, if any, DOJ had undertaken as part of this investigation. The prosecutors declined to answer that question.

7.    The SDNY prosecutors indicated that they are seeking information to enable the Department to identify the sources for the July 8 and July 9, 2026 articles in The Times by the Journalists about Air Force One.

8.    The attorneys requested, as an "initial step," information regarding the nature of the Journalists' sources, the method and timing of communications with these sources, and the substance of those communications in the form of an attorney proffer, among other things. I indicated that The Times and the Journalists did not intend to disclose information about sourcing for the articles.

9.    I also asked if the SDNY supervisors would agree to a stay of the Journalists' grand jury testimony pending any litigation over the legality of the Subpoenas. The SDNY prosecutors indicated that they would not do so.

10.    In a conversation on July 15, 2026, the SDNY prosecutors agreed to extend the grand jury appearance date for the Journalists to July 20, 2026.

11.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

By: _____
David A. O'Neil