**FILED UNDER SEAL**

WILMERHALE

July 24, 2026

**Claire M. Guehenno**

+1 212 295 6254 (t)
+1 212 230 8888 (f)
claire.guehenno@wilmerhale.com

**Via ECF/Under Seal**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Court
500 Pearl Street
New York, NY 10007

Re:  *In Re Grand Jury Subpoenas Dated July 10, 2026*, No. 26-mc-352 (Related to 26 Crim. Misc. 2606)

Dear Judge Subramanian:

We submit this letter-motion on behalf of Google LLC ("Google"), which was subpoenaed in *In Re Grand Jury Subpoena to Google LLC Dated July 14, 2026*, No. 26-cr-misc.-2606.  Google has not made a production in response to the subpoena but that subpoena remains subject to a nondisclosure order ("NDO") that prevents Google from disclosing to anyone that it received the subpoena.  The existence of the subpoena and NDO is now public.  Accordingly, Google respectfully moves the Court to vacate the NDO because it violates the First Amendment and the requirements of 18 U.S.C. § 2705(b).  Counsel for Google attempted to meet and confer with the government in order to have the NDO vacated as discussed further below but the government stated that it had "withdrawn" the subpoena and NDO.  Because the government cannot unilaterally withdraw a court order, Google remains bound by its terms and cannot communicate with the *New York Times* or the public about the subpoena.

The government served the subpoena and NDO on Google on July 16.  Magistrate Judge Figueredo issued the NDO based on potential harms to the government's investigation if the subpoena to Google were disclosed.  The government has admitted that, at the time of its application for the NDO, it "inadvertently included language that the investigation was 'not public' when the fact of the investigation was public." *In re Grand Jury Subpoenas Dated July 10, 2026*, 26 Misc. 352, Dkt. 22 (S.D.N.Y.), Dkt. 29 at 5, n.5.  Now not only is the investigation public, but so are the subpoena and NDO.  Both public reporting and the government's public filings in this case have referred to the subpoena served on Google and make clear its connection to the government's investigation of the *New York Times* and its journalists for articles about the security capability of the new Air Force One.

The NDO violates the First Amendment because it is a content-based prior restraint subject to strict scrutiny, which the order cannot satisfy.  The government has no compelling interest in secrecy because the investigation, the subpoena, and the NDO are all public.  The

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

**FILED UNDER SEAL**

WILMERHALE

Hon. Arun Subramanian
July 23, 2026
Page 2

NDO also violates 18 U.S.C. § 2705(b) because the predicate requirements for secrecy under the statute—all of which concern potential harms to the government's investigation—can no longer be met.  Accordingly, this Court should vacate the NDO.

## BACKGROUND

### A.    The Government Serves Subpoenas On The *New York Times* And Its Reporters And The *New York Times* Moves To Quash

The *New York Times* reported on security concerns involving Air Force One in two articles published on July 8 and 9, 2026.  On July 10, the government served subpoenas on the *New York Times* and its reporters responsible for those articles (the "Journalists").  The subpoenas summoned the Journalists to testify before a grand jury in this District.  On July 11, there was public reporting about these subpoenas.[1]  In a statement that same day, a Justice Department spokeswoman confirmed that the Department was investigating a potential leak of classified information.[2]

On July 15, 2026, the *New York Times* moved to quash the subpoenas in this District.  *See In re Grand Jury Subpoenas Dated July 10, 2026*, 26 Misc. 352, Dkt. 22 (S.D.N.Y.).  On July 23, 2026, the court held a hearing on the motion to quash, Dkt. 17, and the government agreed to withdraw the subpoenas.

### B.    The Government Serves A Subpoena On Google That Is Subject To An NDO

On July 16, 2026, Google received a subpoena from the government that was dated July 14, requesting that Google appear before a grand jury and provide subscriber information associated with a phone number.  The July 16 subpoena issued to Google was accompanied by an NDO, signed by Magistrate Judge Figueredo on July 14.  *See* Ex. A.  Tracking the language of Section 2705(b), without specifying a particular ground for nondisclosure, the NDO states that "there is reason to believe that notification of the existence of the attached subpoena will result in one or more of the following consequences, namely, endangering the life or physical safety of an individual; flight from prosecution; destruction of or tampering with evidence; intimidation of potential witnesses; or otherwise seriously jeopardizing an investigation or unduly delaying a trial."  *Id.* at 1.  The NDO provides that Google "shall not, for a period of one year from the date of this Order (and any extension thereof), disclose the existence of this Order or the attached subpoena, to the listed subscriber of the account referenced in the subpoena, or to any other

---

[1] *See, e.g.*, M. Grynbaum, *Times Journalists Subpoenaed As Trump Escalates Pressure On Media*, N.Y. Times (July 11, 2026), https://tinyurl.com/yc6t47js.

[2] *Id.*

**FILED UNDER SEAL**

WILMERHALE

Hon. Arun Subramanian
July 23, 2026
Page 3

person, except that [Google] may disclose the attached subpoena to an attorney for the Provider for the purpose of receiving legal advice." *Id.*

While the NDO remains in place, Google cannot communicate with other parties, including the *New York Times*, about the subpoena. On July 20, counsel for the *New York Times* contacted Google requesting information about the process served on Google here. It is Google's standard policy to notify users of legal requests unless subject to a legal order not to or in the case of emergencies. The subpoena is now public and Google would like to follow its processes to communicate transparently with its users.

**C.    This Court Unseals The Docket And The Government's Filings Disclose The Subpoena Issued To Google**

On July 17, 2026, this Court unsealed the docket and several filings in *In re Grand Jury Subpoenas Dated July 10, 2026*, 26 Misc. 352. 26 Misc. 352, Dkt. 5. On July 21, 2026, in a public filing, the government opposed the *New York Times*'s motion to quash. In that opposition, the government confirmed that it opened a national security investigation about potential leaks of information "that appeared to have been provided to the Times." *In re Grand Jury Subpoenas Dated July 10, 2026*, 26 Misc. 352, Dkt. 29 at 4. The government explicitly referenced both the "July 16 subpoena issued to Google" and the fact that the subpoena to Google is "accompanied by a non-disclosure order." *Id.* at 5. The government also explained that the "subpoenas issued to third-party providers," like Google, were "for phone numbers to be associated with [the Journalists]." *Id.* The government apologized for representing to Magistrate Judge Figueredo at the time it sought the NDO that "the investigation was 'not public' when the fact of the investigation was public, though the scope of the investigation was not." *Id.* The government also stated that "in light of additional caselaw that [it] identified after the issuance of the subpoenas" to Google, the government determined on July 17 that it was appropriate to notify counsel for the *New York Times* and Journalists about those subpoenas. *Id.*

Thus, the government itself has now publicly disclosed that it is investigating the *New York Times* and the Journalists and that, in connection with this investigation, the government served a subpoena and NDO on Google.

**D.    The Government Withdraws The Subpoena But The NDO Remains In Place**

On July 18, the government requested that Google hold the Subpoena in abeyance, but did not mention whether it thought the NDO remained necessary. Nor did the government mention that it had already publicly disclosed that it had served a subpoena and NDO on Google. Google then sought confirmation from the government that the NDO no longer binds Google and that the government would request vacatur of the NDO. Google reached out to the government on July 21 and followed up again on July 22. The government responded on July 23 suggesting a

**FILED UNDER SEAL**

WILMERHALE

Hon. Arun Subramanian
July 23, 2026
Page 4

call the afternoon of July 23.  Google agreed and proposed a time for the call.  On the evening of July 23, the government responded to Google's email seeking to schedule a call indicating that the government "has withdrawn the subpoena and non-disclosure order issued on July 14 and served on Google on July 16."  The government's withdrawal of the subpoena does not on its own vacate the court-ordered NDO and the NDO continues to bind Google and prevent it from communicating with the *Times* or Google users.

## ARGUMENT

### I.  THE NONDISCLOSURE ORDER SHOULD BE VACATED BECAUSE IT VIOLATES THE FIRST AMENDMENT AND SECTION 2705(B)

#### A.    The Nondisclosure Order Violates The First Amendment As A Content-Based Prior Restraint

The NDO is subject to and does not satisfy strict scrutiny.  The NDO is subject to strict scrutiny because it sits "at the intersection of two disfavored forms of expressive limitations: prior restraints and content-based restrictions."  *In re Murphy-Brown LLC*, 907 F.3d 788, 796-797 (4th Cir. 2018).  Because "NDOs are content-based restrictions and presumptively unconstitutional prior restraints," they are subject to strict scrutiny.  *Matter of Subpoena 2018R00776*, 947 F.3d 148, 155-156 (3d Cir. 2020); *see also Matter of Search of Info. Associated With Specified E-Mail Accts.*, 470 F. Supp. 3d 285, 290 (E.D.N.Y. 2019) (same); *Matter of Search Warrant for [redacted].com*, 248 F. Supp. 3d 970, 980-982 (C.D. Cal. 2017) (collecting similar cases).

The NDO does not satisfy strict scrutiny, which is "the most demanding test known to constitutional law."  *Free Speech Coal., Inc. v. Paxton*, 606 U.S. 461, 484 (2025) (citation omitted).  Under strict scrutiny, the NDO is presumptively unlawful unless the government can prove that it is "the least restrictive means of achieving a compelling state interest."  *McCullen v. Coakley*, 573 U.S. 464, 478 (2014).  Prior restraints are "the most serious and least tolerable infringement on First Amendment rights," *Nebraska Press Association v. Stuart*, 427 U.S. 539, 559 (1976), so the NDO "comes to this Court bearing a heavy presumption against its constitutional validity," *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963).  And "[i]t is rare that a regulation restricting speech because of its content will ever be permissible."  *United States v. Playboy Entertainment Group*, 529 U.S. 803, 818 (2000).

*First*, the NDO does not serve any compelling interest.  A compelling interest requires the government to "specifically identify an 'actual problem'" and demonstrate that "the curtailment of free speech" is "actually necessary to the solution."  *Brown v. Entertainment Merchants Association*, 564 U.S. 786, 799 (2011).  Here, the NDO recites the § 2705(b) criteria as the purportedly compelling interest without further explanation. Ex. A ¶ 1.  All of those

**FILED UNDER SEAL**

WILMERHALE

Hon. Arun Subramanian
July 23, 2026
Page 5

criteria address potential harms to the government's investigation or case or to others.  If the government could ever credibly claim that disclosure of the Subpoena would harm its investigation, it certainly cannot now.  As explained *supra* p.3, the government's investigation, subpoena to Google, and NDO covering the subpoena are all public.[3]  Because the *Times* and its reporters are now aware of the investigation, the government can no longer rely on the concerns underpinning the original order: the potential harm stemming from the subpoena recipient learning of the investigation.

*Second*, the NDO is not narrowly tailored to any purportedly compelling interest. Narrow tailoring requires that the order "be the least restrictive means of achieving [the] compelling state interest."  *McCullen*, 573 U.S. at 478.  If there is "a plausible, less restrictive alternative," the government "must use that alternative" or adduce "hard evidence" proving that "the alternative will be ineffective to achieve its goals."  *United States v. Playboy Entertainment Group*, 529 U.S. 803, 813, 818 (2000).  The NDO imposes a blanket, year's long prior restraint on Google's ability to speak to "any other person" about the NDO or subpoena.  Ex. A ¶ 2. Given the widespread publicity of the investigation, the government cannot "specifically identify" an "actual problem" that its speech restriction "actually solves."  *Brown*, 564 U.S. at 799-800.

The NDO should be fully vacated because it violates the First Amendment.  That approach would be consistent with the Justice Department's own policy, which directs prosecutors to "routinely review the need for § 2705(b) orders in an ongoing investigation or case" and "as investigations progress or become public … carefully consider whether such orders remain warranted."  U.S. Dep't of Justice, Supplemental Policy Regarding Applications for Protective Order Pursuant to 18 U.S.C. § 2705(b), at 2-3 (May 27, 2023).  Courts have similarly recognized that "the public could learn of the government's investigation to an extent that makes [a] nondisclosure order unnecessary."  *In re Sealed Case*, 144 F.4th 329, 334 (D.C. Cir. 2025); *see also In re Sealed Case*, 77 F.4th 815, 825 (D.C. Cir. 2023) (modifying NDO after "additional information" about investigation became "publicly available").

### B.    The Nondisclosure Order Does Not Comply With 2705(b)

The Court should also vacate the NDO because it does not comply with the narrow, statutorily defined circumstances under which the government can displace the Stored Communication Act's "presumption in favor of [disclosure]" of requests for user records.  *In re*

---

[3] Michael M. Grynbaum, *Senators Grill Justice Dept. Officials on New York Times Subpoenas*, New York Times (July 15, 2026), https://tinyurl.com/mrykwsvc; Michael M. Grynbaum, *U.S. Sought Phone Records of Times Journalists and Their Relatives*, New York Times (July 20, 2026), https://tinyurl.com/49bwhytf.

**FILED UNDER SEAL**

WILMERHALE

Hon. Arun Subramanian
July 23, 2026
Page 6


*Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121, 1129 (D.C. Cir. 2020).  Under the Act, "government requests for user communications and user records are presumptively public."  *In re Sealed Case*, 144 F.4th at 335.  "When the government seeks a user's data, the service provider is typically allowed to notify that user."  *Id.* (citing 18 U.S.C. § 2703).  Section 2705(b) authorizes the government to "apply to a court for an order commanding a provider of electronic communications service … to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."  18 U.S.C. § 2705(b).  But the court may only "enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
(1) endangering the life or physical safety of an individual; (2) flight from prosecution;
(3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or
(5) otherwise seriously jeopardizing an investigation or unduly delaying a trial."  *Id.*  The NDO fails to satisfy these requirements.

None of those statutory requirements is satisfied now that the underlying investigation, the subpoena, and the NDO are all public.  The NDO was issued because the Magistrate Judge determined "that there is reason to believe that notification of the existence of the attached subpoena will result in one or more of the following consequences," citing the five factors under 18 U.S.C. § 2705(b).  However, the "existence of the attached subpoena" and the accompanying NDO is now public.  Even if the NDO was warranted at the time it issued, the NDO is not warranted now and must be vacated.  The Department of Justice itself recognizes that "as investigations progress or become public," these "developments may reduce the likelihood of adverse results."  U.S. Dep't of Justice, Supplemental Policy Regarding Applications for Protective Order Pursuant to 18 U.S.C. § 2705(b), at 2 (May 27, 2022).  Here, the likelihood of adverse results from disclosure is nonexistent.

## CONCLUSION

For the foregoing reasons, the Court should vacate the nondisclosure order attached to the government's July 14, 2026 subpoena.

Respectfully submitted,

/s/ Claire M. Guehenno

Ari Holtzblatt*                          Claire M. Guehenno
WILMER CUTLER PICKERING                  Emily Barnet
  HALE AND DORR LLP             WILMER CUTLER PICKERING
2100 Pennsylvania Avenue NW                HALE AND DORR LLP
Washington, DC 20037                     7 World Trade Center
Tel: (202) 663-6000                      250 Greenwich Street

**FILED UNDER SEAL**

WILMERHALE

Hon. Arun Subramanian
July 23, 2026
Page 7


Fax: (202) 663-6363
Ari.Holtzblatt@wilmerhale.com

*Pro hac vice application forthcoming

New York, NY 10007
Tel: (212) 295-6254
Fax: (212) 230-8888
Claire.Guehenno@wilmerhale.com
Emily.Barnet@wilmerhale.com

*Counsel for Google LLC*


cc:  Kevin T. Sullivan (via email)
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
(212) 637-1587
Kevin.Sullivan@usdoj.gov[4]

---

[4] In light of the NDO, Google is serving this motion on the government but not on the *New York Times*.

# Exhibit A

**26 Crim Misc 2606**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re Grand Jury Subpoena to Google
LLC, Relating to the Phone Number
202-370-7951, dated July 14, 2026.

§ 2705(b)
**Non-Disclosure Order
to Service Provider**

**SEALED**

Upon the application of the United States pursuant to 18 U.S.C. § 2705(b):

1.      The Court hereby determines that there is reason to believe that notification of the existence of the attached subpoena will result in one or more of the following consequences, namely, endangering the life or physical safety of an individual; flight from prosecution; destruction of or tampering with evidence; intimidation of potential witnesses; or otherwise seriously jeopardizing an investigation or unduly delaying a trial.

Accordingly, it is hereby ORDERED:

2.      Google LLC (the "Provider") shall not, for a period of one year from the date of this Order (and any extensions thereof), disclose the existence of this Order or the attached subpoena, to the listed subscriber of the account referenced in the subpoena, or to any other person, except that the Provider may disclose the attached subpoena to an attorney for the Provider for the purpose of receiving legal advice.

3.      This Order and the Application upon which it was granted are to be filed under seal until otherwise ordered by the Court, except that the Government may without further order provide copies of the Application and Order as need be to personnel assisting the Government in the investigation and prosecution of this matter, and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated:       New York, New York

_July 14, 2026_

_____
UNITED STATES MAGISTRATE JUDGE

2