

Debevoise & Plimpton LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
+1 202 383 8000

July 27, 2026

**<u>Via ECF</u>**
The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** ***In re Grand Jury Subpoenas Dated July 10, 2026**, No. 26 Misc. 352 (AS)*

Dear Judge Subramanian:

We submit this letter on behalf of Movants in the above-referenced matter in response to the Court's order dated July 23, 2026 (Dkt. 38 (the "Order")).

As the Order notes, the Government has unilaterally withdrawn the testimonial subpoenas to the Journalists and the phone provider subpoenas directed at accounts of the Journalists and their family members (together, the "Subpoenas"). Order ¶ 1. The Government decided to abandon the Subpoenas after a lengthy hearing in which the Court concluded that the Subpoenas were unlawful and made clear that it would quash them if they were not withdrawn. *See, e.g.*, July 23, 2026 Hearing Tr. at 5:17-25.

The Order also provides that, "[a]s stated by the Government at the hearing, to the extent that a decision is made to renew the [S]ubpoenas, the Government will come to the Court in advance of issuance." Order ¶ 2. In addition, "[b]y consent of the parties, the Court will retain jurisdiction over any related matters in this investigation." *Id.* ¶ 3. Movants understand that under the Order, the Court retains jurisdiction over any future subpoenas to, or for communications or business records of, The New York Times ("The Times"), the Journalists, or any other reporter, employee, or agent of The Times in connection with any reporting relating to Air Force One or the Qatari jet. As the Court's Order reflects, this retention of jurisdiction is appropriate given the troubling record of irregularity by the Department of Justice, including failures to follow both binding case law and Department policy. It also serves the interests of judicial economy and efficiency.

Nothing in *United States v. Williams*, 504 U.S. 36 (1992), the authority cited by the Government during the July 23, 2026 hearing, precludes the Court from retaining jurisdiction in this manner, particularly given the Government's consent. That case concerned the different question of whether a district court may dismiss an indictment based on alleged failures by prosecutors to provide the grand jury with exculpatory evidence. While we do not read *Williams* to prohibit the Court from exercising jurisdiction over the entire investigation, our principal concern is that the Court retain jurisdiction over matters pertaining to The Times and its reporters.

Because the Government has consented to that jurisdiction, we do not ask the Court to exercise any broader jurisdiction at this time.

Respectfully submitted,


*S/ David A. O'Neil*
David A. O'Neil*
daoneil@debevoise.com
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue N.W., Suite 500
Washington, D.C. 20004
Tel: (202) 383-8000

Douglas S. Zolkind
dzolkind@debevoise.com
Leah W. Rosenberg
lwrosenberg@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Tel: (212) 909-6000

Julie A. Edelstein*
jedelstein@wiggin.com
WIGGIN AND DANA LLP
600 Massachusetts Avenue, N.W., Suite 375
Washington, D.C. 20001
Tel: (202) 800-2470

*Counsel for Movants*

*Admitted pro hac vice.*

2